IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER A. LOVE, JR.                                                                       PLAINTIFF

V.                     CASE NO. 4:17-CV-04010

NURSE LORI, *et al.*                                                                                 DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

Plaintiff's complaint alleges denial of medical care while incarcerated at the Hempstead County Detention Facility. Plaintiff alleges that on February 19, 2017, he woke up after the other inmates had received their medications. ECF No. 1, p. 4; ECF No. 11, p. 1. When he asked why he did not get his medication, he alleges Defendant Garner told him "if she didn't call you, you don't have any meds." ECF No. 1, p. 4; ECF No. 11, p. 1. Plaintiff alleges he takes seizure medication three times per day. ECF No. 1, p. 4; ECF No. 11, p. 1. He further alleges he suffered two seizures thirty to forty-five minutes after being denied his seizure medication. ECF No. 1, p.

4; ECF No. 11, p. 1. Plaintiff alleges he did not get any medical attention for his seizures. ECF No. 1, p. 4; ECF No. 11, p. 1.

The form utilized by Plaintiff appears to be an outdated one, which does not provide a choice for Plaintiff to indicate if he is proceeding against Defendants in their official capacity, individual capacity, or both. ECF No. 1. Plaintiff asks the Court to "justify the action taken that resulted in my position of endangerment, due to ignorance regarding medical concern." ECF No. 1, p. 4.

## II. DISCUSSION

Plaintiff alleges that he slept through pill call and did not receive his seizure medication on one occasion. He further alleges the guard told him that if the female staff member did not call him, he did not have medication to take. These allegations do not state a plausible claim for denial of medical care.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted). "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105-06 (internal quotations omitted). Further, missing two of three prescribed doses of medication for a single day does not establish "indifference to a serious medical need, much less deliberate indifference." *Champion v. Kelley*, 495 Fed App'x 769, 770 (8th Cir. 2012); compare *King v. Busby*, 162 Fed. App'x 669 (8th Cir. 2006) (failure to distribute prescribed blood-pressure and pain medication at least 26 times over an approximate seven-month period, and without further explanation, raised the inference that the failure to provide medication was more than an inadvertent failure to provide adequate medical care).

In this case, Plaintiff's allegation is simply that the staff member dispensing medication on that day did not have medication for him to take, and therefore did not wake him up to take it. Thus, Plaintiff's allegation that he missed a single dose of medication on a single day due to an inadvertent error at most alleges a claim for negligent misconduct and does not state a plausible

claim for denial of medical care.

Plaintiff also claims he did not receive medical attention for the two seizures he alleges he suffered within thirty or forty-five minutes of not receiving his medication. Deliberate indifference may be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). The objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record. *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005). Unless, however, the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub*, 638 F.3d at 919 (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *Aswegan v. Henry,* 49 F.3d 461, 464 (8th Cir. 1995); *see also Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation).

In the present case, Plaintiff provided only a conclusory statement that he was denied medical care for two seizures. He provided no facts concerning the type, severity, or length of his alleged seizures, whether he suffered any injuries from his alleged seizures, or whether Defendants were even aware of these alleged seizures. He has alleged no facts which permit an inference that he had an obvious medical need which a layperson could recognize. Nor has he provided any verifying medical evidence concerning the need for medical care or as to the detrimental effects of a delay in receiving medical care.

Thus, Plaintiff's claim that he was not given medical treatment for the seizures he allegedly suffered as a result of not receiving his medication does not state a plausible Eighth Amendment claim.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim on which relief may be granted. Accordingly, Plaintiff's claims should be and hereby are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 31st day of August, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge